## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| _____ | | |
| **LYNN S. SASSAMAN** | ) | |
| | ) | **Case Number** |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL COMPLAINT** |
| | ) | |
| **NATIONSTAR MORTGAGE, LLC** | ) | |
| **&** | ) | |
| **EXPERIAN INFORMATION** | ) | **JURY TRIAL DEMANDED** |
| **SOLUTIONS, INC.** | ) | |
| **&** | ) | |
| **EQUIFAX INFORMATION** | ) | |
| **SERVICES, LLC** | ) | |
| **&** | ) | |
| **TRANS UNION, LLC** | ) | |
| | ) | |
| **Defendants** | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Lynn S. Sassaman, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants and respectfully avers as follows:

## I.      INTRODUCTORY STATEMENT

1.      Plaintiff, Lynn S. Sassaman (hereinafter, "Plaintiff"), is an adult natural person and he brings this action for relief against Defendants, for violations of multiple sections of the Fair Credit Reporting Act, 15 U.S.C. § 1692 et seq. ("FCRA"), Pennsylvania Fair Credit Extension Uniformity Act (FCEUA, 73 Pa. C.S. § 2270.1 et seq.), Pennsylvania Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq., and for Defamation of Character.

1

## II.    JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that Plaintiff resides in this district.

## III.    PARTIES

4.      Plaintiff, Lynn S. Sassaman (hereafter, Plaintiff) is an adult natural person residing at 4655 Kennedy Lane, Elizabethtown, Pennsylvania 17022.

5.      Defendant, Nationstar Mortgage, LLC (hereafter, Defendant Nationstar) at all times relevant hereto, is and was a limited liability company providing mortgages and collecting and reporting on those mortgages, with a principal place of business located at 350 Highland Drive, Lewisville, Texas 75067.

6.      Defendant, Experian Information Solutions, Inc. (hereafter, Defendant Experian), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting which has an office located at 4 Gatehall Drive, 3rd floor, Parsippany, NJ 07054.

7.      Defendant, Equifax Information Services, LLC (hereafter, Defendant, Equifax), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 6 Clementon Road, East Suite A2, Gibbsboro, New Jersey 08026.

2

8.      Defendant, Trans Union, LLC (hereafter, Defendant Trans Union), at all times hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with its address located at 555 West Adams Street, Chicago, IL 60661 and a principal office located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

## IV.   <u>FACTUAL ALLEGATIONS</u>

9.      On or about September 13, 2007, Plaintiff and her ex-husband, Matthew Nalesnik, took out a mortgage on a home located at 137 Doreen Drive, Hummelstown, Pennsylvania 17036.

10.     On or about June 24, 2010, Plaintiff was legally divorced from her ex-husband.

11.     On or about June 30, 2010, Plaintiff executed a quitclaim deed to the house, transferring all her legal rights to the property to her ex-husband.

12.     On or about May 24, 2011, Plaintiff's ex-husband executed mortgage loan modification documents with Defendant Nationstar.

13.     In the aforementioned mortgage loan modification documents, Plaintiff's name is crossed out and initialed by her ex-husband.

14.     Plaintiff did not agree to the aforementioned mortgage loan modification, nor did she execute any of the loan modification documents.

15.     Plaintiff's ex-husband subsequently defaulted on the aforementioned mortgage loan.

16.     Shortly after her ex-husband's default, Plaintiff noticed negative reporting on her credit report with regard to the mortgage loan modification conducted by her ex-husband.

17.     On or about July 8, 2014, Plaintiff sent notice to Defendants, Experian, Equifax, and Trans Union, informing them that they were inaccurately furnishing information on Plaintiff's credit report.

18.     In the aforementioned correspondence, Plaintiff sent a true and correct copy of the modification agreement, executed only by her ex-husband.

19.     Plaintiff requested that all information be verified and the improper account reporting be removed.

20.     On or about July 9, 2014, Plaintiff sent notice to Defendant Nationstar, informing them that they were inaccurately furnishing information on Plaintiff's credit report.

21.     In the aforementioned correspondence, Plaintiff sent a true and correct copy of the modification agreement, executed only by her ex-husband.

22.     Plaintiff requested that all information be verified and the improper account reporting be removed.

23.     On or about July 21, 2014, Defendant Experian responded to Plaintiff's request, stating that they had researched the Plaintiff's account and that they confirmed the information.

24.     Plaintiff was informed by Defendant Experian that reporting of this account by Defendant Experian would remain on her credit.

25.    In or about August 2014, Defendants Equifax and Trans Union likewise promptly responded to Plaintiff's request, stating that they had researched the Plaintiff's account and that they confirmed the information.

26.    Plaintiff was informed that reporting of this account by Defendants Equifax and Trans Union would remain on her credit.

27.    On or about July 24, 2014, Defendant Nationstar responded to Plaintiff's request, stating that they had researched the Plaintiff's account and that they had confirmed the information.

28.    In their aforementioned response, Defendant Nationstar acknowledged that the Modification was only signed by Plaintiff's ex-husband.

29.    As of the date of the filing of this Complaint, Defendants Equifax, Experian, and Trans Union continue to report the current past due balance amount on this account as $5,352.00.

30.    Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

31.    As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

32.     As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

33.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

34.     As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.


### COUNT I– FCRA
*Plaintiff v. All Defendants*

35.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36.     At all times pertinent hereto, Defendants were a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

37.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

38.     At all times pertinent hereto, the above mentioned credit reports were "consumer reports" as that terms is defined by 15 U.S.C. §1681a(d).

39.     Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for engaging in the following conduct:

(a)     Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b)     Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c)     Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(d)     Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

(e)     Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

40.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against, Defendants, for the following:

a.     Actual damages;

d.     Statutory damages pursuant to 15 U.S.C. §1692k;

7

c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.      Such addition and further relief as may be appropriate or that the interests of justice require.

**COUNT II - VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)**
*Plaintiff v. All Defendants*

41.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42.     The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

43.     The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

44.     The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

45.     The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

46.     Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

47.     As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

48.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.      Actual damages;

b.      Treble damages;

c.      An award of reasonable attorneys fees and expenses and costs of court; and

d.      Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III - VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.
*Plaintiff v. All Defendants*

49.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

50.     Plaintiff and Defendants are "Persons" to 73 Pa. C.S § 201-2.

51.     The UTPCPL prescribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

52.     The actions of the Defendants, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

a.      Defendants misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.      Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.      Defendants failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

53.     As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

54.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.      An Order declaring that Defendants violated the UTPCPL;

b.      Actual damages;

c.      Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV– DEFAMATION OF CHARACTER
*Plaintiff v. All Defendants*

55.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56.     Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

57.     Defendants have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

58.     The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff as financially irresponsible and delinquent.

59.     Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

60.     The appearance of the Plaintiff's alleged defaulted mortgage constitutes a falsehood concerning Plaintiff's credit history.

61.     Defendants knew or reasonably should have known that the information regarding the alleged defaulted mortgage that they have published and re-published on Plaintiff's credit reports is incorrect and false as Plaintiff has repeatedly notified them both verbally and in writing.

62.     Defendant continues to publish the false and negative alleged defaulted mortgage on Plaintiff's credit history up through the present time.

11

63.     Defendants knew that the alleged defaulted mortgage on Plaintiff's credit report was false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information concerning Plaintiff's alleged defaulted mortgage through the present time.

64.     The publications of the false defaulted mortgage on Plaintiff's credit report constitutes libel per se.

65.     In addition, and despite the repeated notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendant provides credit information concerning the Plaintiff.

66.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against, Defendants, for the following:

a.      Actual damages;

b.      Statutory damages;

c.      Punitive damages;

d.      An order directing the Defendants immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting

the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

      e.     Such addition and further relief as may be appropriate or that the interests of justice require.

## V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: August 13, 2014**

**BY:** _/s/  Brent F. Vullings_____
Brent F. Vullings, Esquire
3953 Ridge Pike, Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com