UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN S. SASSAMAN,<br>    Plaintiff | :<br>:<br>: |
| vs. | : CIVIL NO. 1:14-CV-01589 |
| NATIONSTAR MORTGAGE, LLC, et. al.,<br>    Defendants | :<br>:<br>:<br>: |

*M E M O R A N D U M*

*I.*     *Introduction*

We are considering a motion to dismiss filed by Defendant Nationstar Mortgage, LLC. (Doc. 20). This matter relates to a complaint in which Plaintiff alleges that Defendants furnished information on her credit report in violation of the Fair Credit Reporting Act (FCRA), Pennsylvania statutory law, and Pennsylvania common law. (Doc. 1). On September 9, 2014, Nationstar filed a motion to dismiss pursuant Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff has failed to state a claim upon which she is entitled to relief. For the reasons discussed below, we will grant in part and deny in part Nationstar's motion to dismiss.

*II.*     *Background*

In September of 2007, Plaintiff and her then-husband, Matthew Nalesnik, mortgaged their home. (Doc. 1 at 3). Approximately three years later, Plaintiff and Nalesnik divorced. (Id.). Pursuant to the divorce, Plaintiff transferred ownership of the home to Nalesnik using a quitclaim deed. (Id.). In May 2011, Nalesnik and Nationstar entered into an agreement to modify the terms of the original mortgage. (Id.). Plaintiff

was not a party to the modification agreement and did not sign the related documents. (Id.).  Nalesnik subsequently defaulted on the modified mortgage agreement.  (Id.). Thereafter, Plaintiff's credit report indicated a default with regard to the modified mortgage.  (Doc. 1 at 4).  Plaintiff sent written notice to all of the Defendants advising that the information in the credit report was inaccurate.  (Id.).  She requested that Defendants verify the information and remove the negative reporting associated with the modified mortgage.  (Id.).  The Defendants responded to Plaintiff's request and advised that the information was confirmed and would not be removed from the credit reports.  (Id.).  The credit reports of Defendants Equifax, Experian, and Trans Union continue to indicate that Plaintiff has a past due balance of $5,352 on the modified mortgage.  (Doc. 1 at 5).

On August 13, 2014, Plaintiff filed the instant complaint.  (Doc. 1).  In Count One, Plaintiff alleges that the information furnished by Defendant Nationstar and included in the credit reports of Defendants Equifax, Experian, and Trans Union violates the Fair Credit Reporting Act.  (Doc. 1 at 6).  In Counts Two and Three, she asserts that Defendants are also violating the Pennsylvania Fair Credit Extension Uniformity Act and the Pennsylvania Unfair Trade Practices and Consumer Protect Law, respectively.  (Doc. 1 at 8). Finally, in Count Four, Plaintiff asserts a common law defamation of character claim.  (Doc. 1 at 11).  Defendant Nationstar's filed a motion to dismiss, presenting various arguments to have all counts dismissed.  (Doc. 20; Doc. 24).

*III.        Discussion*

   *A. Standard of Review*

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556).  "[L]abels and conclusions" are not enough, and a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555.

   *B. Dismissal of All Claims*

All of Plaintiff's claims require a showing of an inaccurate, misleading, or false statement.  In an attempt to have all of Plaintiff's claims dismissed simultaneously, Defendant Nationstar attacks this common element.  It argues that all of Plaintiff's claims must be dismissed because the information it furnished to the credit reporting agencies

was accurate. (Doc. 24 at 5). Namely, Nationstar asserts that Plaintiff admits the mortgage and note are in default, and Plaintiff does not allege that her obligations under the mortgage and note have been discharged, satisfied, or assumed by her ex-husband. (Doc. 24 at 4; Doc. 1 at 3). Therefore, according to Nationstar, despite the divorce and quitclaim deed, Plaintiff remains jointly and severally liable as a co-borrower and co-mortgagor. (Doc. 24 at 4). Thus, Nationstar argues the information it furnished concerning the default was accurate, and Plaintiff has failed to state a claim upon which she is entitled to relief. (Doc. 24 at 5-6). We disagree.

      Plaintiff's complaint alleges that (1) she did not sign or agree to the mortgage modification agreement, (2) there is negative reporting on her credit report "with regard to the mortgage loan modification," and (3) the inaccurate information was furnished by Nationstar. (Doc. 1 at 4-5). Accepting these averments as true, even if Plaintiff remains liable on the original mortgage and note, the information furnished to the credit reporting agencies was based on an agreement to which Plaintiff is not a signatory and under which she is not liable. Accord (Doc. 20-5 at 6) (stating in the modification agreement that non-signing spouse may remain liable under the original "loan documents," not the modified agreement). Therefore, we find that Plaintiff has pleaded enough factual allegations concerning the inaccuracy of the information furnished by Nationstar to state facially plausible claims to relief.[1]  Accordingly, we will deny the

---

[1]. In her brief in opposition, Plaintiff argues that the information reported was based on the modification, and such information was inaccurate because she did not sign the modification, and it changed the terms, principal, and interest rate of the original agreement. Nationstar argues that Plaintiff never pleaded in her complaint that the principal and interest rates were inaccurate and

motion to dismiss on this ground.

### C. Preemption of State Law Claims

Alternatively, Nationstar argues that Plaintiff's state law claims are preempted by the Fair Credit Reporting Act (FCRA). According to Nationstar, section 1681t of the FCRA provides blanket preemption of all state claims that relate to the subject matter of the FCRA. We disagree that section 1681t provides blanket preemption, but we do agree that it preempts some of Plaintiff's claims.

The FCRA provides two provisions that shield furnishers of information from state law claims. First, section 1681t states that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1681t(b)(1)(F). This court has interpreted the language of section 1681t to preempt state statutory claims, but not state common law claims. See Sites v. Nationstar Mortgage LLC, 646 F. Supp. 2d 699, 712 (M.D. Pa. 2009) (Kane, J.) (stating, "the Court adopts the statutory approach to reconciling § 1681t(b)(1)(F) and § 1681h(e) whereby the former section preempts only state statutory claims, while the latter section preempts only the state common-law claims enumerated therein."). Accordingly, we will dismiss the Pennsylvania Fair Credit

---

thus cannot raise that argument now. We find it irrelevant whether Plaintiff made such specific factual pleadings. First, a plaintiff need not make detailed factual allegations. See Twombly, 550 U.S. at 555. Further, in our view, much more important is the allegation that the furnished information was based on an agreement which Plaintiff did not sign. This allegation is in Plaintiff's complaint, and it alone is sufficient to establish a plausible claim of inaccuracy.

Extension Uniformity Act claim contained in Count Two and the Pennsylvania Unfair Trade Practices and Consumer Protect Law claim contained in Count Three.  We will not, however, dismiss the common law defamation claim contained in Count Four pursuant to section 1681t.

The second provision of the FCRA that shields furnishers of information from private state law claims is section 1681h(e).[2]  Section 1681h(e) prohibits defamation claims against furnishers of information if the information was disclosed pursuant to section 1681g or section 1681h of the FCRA.  See 15 U.S.C. § 1681h(e).  Neither is the case here.  Sections 1681g and 1681h apply only to consumer reporting agencies, which Nationstar is not.  See Sites, 646 F. Supp. 2d at 705 (stating § 1681g and § 1691h are exclusive to consumer reporting agencies).  Next, section 1681h(e) also prohibits defamation claims against furnishers of information if the information was disclosed pursuant to section 1681m of the FCRA or disclosed by a user of a consumer report who has taken adverse action against the consumer.  See 15 U.S.C. § 1681h(e).  Again, neither is the case here.  Both "presuppose that the target of the action took an adverse

---

2. Section 1681h(e) states the following:
> Except as provided in sections 1681n and 1681*o* of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion or privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injury such consumer.

15 U.S.C. § 1681h(e).

action with respect to the consumer." <u>Sites</u>, 646 F. Supp. 2d at 705-06.  Nationstar has not taken any action that satisfies the FCRA's definition of "adverse action."  <u>See</u> 15 U.S.C. § 1681a(k)(1).  Thus, section 1681h(e) does not apply in this case.  Even if it did apply, section 1681h(e) nevertheless permits such claims if false information was furnished with malice.  Here, Plaintiff's complaint pleads that Nationstar "acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors . . . ."  (Doc. 1 at 12).  Accordingly, we find that Plaintiff's defamation of character claim contained in Count Four is not preempted by the FCRA.

*IV.        Conclusion*

For the reasons discussed above, we will grant Defendant Nationstar's motion to dismiss with respect to Plaintiff's state statutory claims contained in Counts Two and Three.  We will deny, however, Defendant Nationstar's motion to dismiss with respect to Plaintiff's FCRA claim contained in Count One and defamation of character claim contained in Count Four.  We will issue an appropriate order.

<u>/s/William W. Caldwell</u><br>
William W. Caldwell<br>
United States District Judge